# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
# GREENSBORO DIVISION

| | |
|---|---|
| IN RE: | ) Bankruptcy Case Number |
| | ) B-06-11111-C-7-G |
| TIMOTHY L. BRADSHAW, | ) |
| | ) |
| Debtor. | ) |
| | ) |

## RESPONSE AND OBJECTION TO
## MOTION FOR RELIEF FROM AUTOMATIC STAY

**NOW COMES** William P. Miller, Chapter 7 Trustee of the above-referenced Debtor ("Trustee"), by and through counsel, and files this response and objection to the Motion for Relief from Automatic Stay filed by Douglas R. Ivester, Jr. and Barbara C. Ivester (hereinafter "Ivesters") . In support of this response and objection, Trustee respectfully shows this Court the following:

### RESPONSES TO MOTION

1. Admitted.

2. Admitted.

3. Upon information and belief, the allegations contained in Paragraph 3 of the Motion are admitted.

4. Upon information and belief, the allegations contained in Paragraph 4 of the Motion are admitted.

5. Upon information and belief, the allegations contained in Paragraph 5 of the Motion are admitted.

6. Trustee is without sufficient information and knowledge regarding the allegations contained in Paragraph 6 of the Motion and they are therefore denied.

7. It is admitted that Mr. Bradshaw was not registered in North Carolina as a dealer or salesman of securities. Trustee is without sufficient knowledge or

information regarding the remaining allegations contained in Paragraph 7 of the Motion and they are therefore denied.

8. Upon information and belief, the allegations contained in Paragraph 8 are admitted.

9. Trustee is without sufficient knowledge or information regarding the allegations contained in Paragraph 9 of the Motion and they are therefore denied.

10. Upon information and belief, the allegations contained in Paragraph 10 of the Motion are admitted.

11. Upon information and belief, the allegations contained in Paragraph 11 are admitted.

12. Trustee is without sufficient knowledge or information regarding the allegations contained in Paragraph 12 of the Motion and they are therefore denied.

13. Upon information and belief, the allegations contained in Paragraph 13 of the Motion are admitted.

14. Upon information and belief, the allegations contained in Paragraph 14 of the Motion are admitted.

15. Upon information and belief, the allegations contained in Paragraph 15 of the Motion are admitted.

16. Upon information and belief, the allegations contained in Paragraph 16 of the Motion are admitted.

17. Upon information and belief, the allegations contained in Paragraph 17 are admitted.

18. Upon information and belief, the allegations contained in Paragraph 18 are admitted.

19. It is admitted that the attachments obtained by Mr. and Mrs. Ivester were issued and levied upon more than 90 days prior to the Debtor's bankruptcy

filing. All other allegations contained in Paragraph 19 of the Motion are denied.

20. The allegations contained in Paragraph 20 of the Motion are admitted.

21. Upon information and belief, the allegations contained in Paragraph 21 are admitted.

22. The allegations contained in Paragraph 22 of the Motion are admitted.

23. Trustee is without sufficient knowledge or information to form belief as to the allegations contained in Paragraph 23 of the Motion and they are therefore denied.

24. Upon information and belief, the allegations contained in Paragraph 24 of the Motion are admitted.

25. Paragraph 25 states legal conclusions which do not require response. To the extent a response is required, the allegations contained in Paragraph 25 are denied.

26. Paragraph 26 of the Motion states conclusions which do not require a response, to the extent a response is required, Trustee asserts that the Bankruptcy Court is the proper forum to determine the issues and the allegations are denied.

27. The Trustee denies that the issues can be more expeditiously resolved in state court and relief from the automatic stay would promote judicial efficiency, except as denied herein, upon information and belief, the remaining allegations contained in Paragraph 27 of the Motion are admitted.

28. To the extent the allegations contained in Paragraph 28 require a response from the Trustee, the allegations are denied.

29. The allegations contained in Paragraph 29 of the Motion are denied.

30. The allegations contained in Paragraph 30 of the Motion are denied.

### IVESTER ACTION REMOVED TO BANKRUPTCY COURT PURSUANT TO BANKRUPTCY RULE 9027

Trustee has removed the Ivester state court action which is subject of the Motion for Relief from Automatic Stay to the U.S. District Court for the Middle District of North Carolina pursuant to Bankruptcy Rule 9027. For reasons set forth below, said action must be stayed until the Trustee determines whether to prosecute the various state law claims set forth therein or to abandon said claims.

### AUTOMATIC STAY SHOULD REMAIN IN EFFECT PENDING TRUSTEE'S DETERMINATION TO BRING SUCH ACTIONS ON BEHALF OF THE ESTATE OR TO ABANDON SUCH CLAIMS FROM THE BANKRUPTCY PROCEEDING

The Fourth Circuit has acknowledged the power of a Chapter 7 Trustee to stand in the shoes of a creditor. *Havee v. Belk*, 775 F.2d 1209 (4th Cir. 1985). The Fourth Circuit concluded that §544 of the Bankruptcy Code "gives the Trustee the status of a hypothetical lien creditor in attacking a transfer under state fraudulent conveyance statute but, while it is the federal law which provides the Trustee with his 'strong-arm' power, his exercise of such power and its extent are governed entirely by the applicable state law." *Id.*

More importantly, the Fourth Circuit also has addressed the importance of granting the Trustee an absolute right to bring such actions ahead of all individual creditors. In *Nat'l Am. Ins. Co. v. Ruppert Landscaping Co., 187 F.3d 439, 441 (4th Cir.1999),* the Fourth Circuit affirmed the dismissal of state law claims that were "similar in object and purpose" to a bankruptcy trustee's potential fraudulent conveyance claim. *Id. at 441. In Ruppert,* the court held that when a creditor brings a state law action to challenge a transaction that a bankruptcy trustee could avoid as a fraudulent conveyance, the state law claim is so similar to the bankruptcy claim that the creditor lacks standing to assert it. *Id. Also see Poth v. Russey, et al., 99 Fed. Appx. 446 (4th Cir. 2004).*

Trustee has evaluated the potential fraudulent conveyance claims and other possible claims and will be filing an adversary proceeding on behalf of the

bankruptcy estate to pursue recovery of such transfers and monies in certain banking accounts of entities owned or controlled by the Debtor and/or his spouse. Further, Trustee has entered into negotiations with the Debtor and believes a Consent Order can be negotiated for all funds currently frozen in non-debtor accounts for entities owned by or controlled by the Debtor to be paid into the bankruptcy estate for the benefit of all creditors and parties in interest.

**WHEREFORE,** Trustee prays the court that the Motion for Relief from Stay filed on behalf of Mr. and Mrs. Ivester be denied and for such other and further relief as the court may deem just and proper.

This the 5th day of January, 2007.

/s/William P. Miller
Attorney for Trustee
NCSB No. 9364

OF COUNSEL:
ROBERSON HAWORTH & REESE, P.L.L.C.
Post Office Box 1550
High Point, North Carolina 27261
Telephone: 336-889-8733

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
GREENSBORO DIVISION

| | |
|---|---|
| IN RE: | ) Bankruptcy Case Number |
| | )   B-06-11111-C-7-G |
| TIMOTHY L. BRADSHAW, | ) |
| | ) |
|    Debtor. | ) |
| | ) |

**THIS IS TO CERTIFY** that on the below date a copy of the Response and Objection to Motion for Relief from Automatic Stay was duly served by electronic means or by depositing the same, enclosed in a post paid wrapper, properly addressed to the following parties in interest, at their last known addresses as shown below, in a post office or official depository under the exclusive care and custody of the United States Postal Service:

Michael D. West, Esquire
U.S. Bankruptcy Administrator
Post Office Box 1828
Greensboro, North Carolina 27402

James J. Hefferan, Jr., Esquire
David C. Smith, Esquire
Tonya R. Deem, Attorney at Law
KILPATRICK STOCKTON LLP
1001 West Fourth Street
Winston-Salem, North Carolina 27101

Gerald S. Schafer, Esquire
220 Commerce Place
Greensboro, North Carolina 27401

Timothy L. Bradshaw
2606 Woods End Lane
Greensboro, North Carolina 27410

This the 5th day of January, 2006.

                                                                 /s/ William P. Miller
                                                                 Attorney for Trustee
                                                                 NCSB No. 9364

OF COUNSEL:

ROBERSON HAWORTH & REESE, P.L.L.C.
Post Office Box 1550
High Point, North Carolina 27261
Telephone: 336.889.8733